# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **CORUS BANK, N.A.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No.  08 C 3409** |
| | ) | |
| **EDUARD de GUARDIOLA,** | ) | **Judge Wayne R. Andersen** |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of Defendant Eduard de Guardiola to abstain under the *Colorado River* doctrine.  For the following reasons, the motion to abstain is granted.

## BACKGROUND

This litigation stems from a Florida real estate deal in which Florida Land Parcels, LLC (FLP) purchased land in Palm Harbor Florida.  The purchase was financed by LaSalle Bank, N.A., which received a mortgage on the property.  FLP's plan was to develop the property into a community consisting of some 774 condominium apartments.

In July 2005, FLP, along with two limited liability companies, Pre-Property B, LLC and Carvill Limited Partnership (Borrowers), obtained a second loan for $112,560,000 from Plaintiff Corus Bank which was secured by the property as well as by buildings the Borrowers planned to build there.  As part of this loan agreement, LaSalle assigned its rights to Corus and the Borrowers assumed FLP's payment obligations.  As alleged in the Complaint, Defendant Eduard de Guardiola "directly or indirectly owns an interest in each borrower."  Corus required de Guardiola both to sign the loan agreement on behalf of the Borrowers, as well as to guarantee that loan.  In 2006, de

Guardiola negotiated and signed amendments to the loans that extended their maturity dates (Amended Loan Agreement). At the same time, de Guardiola also signed an Amended and Restated Guaranty.

In January 2008, Corus sued both the Borrowers and de Guardiola in the Circuit Court of Pinellas County Florida. In its Complaint in Florida state court, Corus alleged that the Borrowers were in default on the Amended Loan Agreement for failing to make monthly payments. Corus sought to foreclose on the real estate securing the loan and also sought payment from de Guardiola on his guaranty. The Borrowers responded by asserting that, based on additional negotiations in late 2007, the Amended Loan Agreement had been modified such that the Borrowers were not in default. de Guardiola also answered the Complaint and maintained that the guaranty was itself unenforceable.

On June 10, 2008, Corus dismissed de Guardiola without prejudice from the Florida case and, two days later, filed suit against him on the same guaranty in this case. The Borrower's underlying liability still remains to be decided in the Florida court and that case is still ongoing. After written and oral discovery, the Florida court has conducted hearings and a summary judgment motion is pending.

In the meantime, de Guardiola has moved to intervene in the Florida state case. The Florida judge, conducted a hearing on de Guardiola's motion to intervene and ruled that if this Court abstains, then it would grant the motion to intervene and decide any issues related to the guaranty.

## DISCUSSION

Under the *Colorado River* doctrine, a federal court has discretion to dismiss or stay a suit over which it has jurisdiction when there is a parallel state case pending and a dismissal or stay of

the federal case would "promote wise judicial administration." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). Because federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them," there is a general presumption against abstaining under *Colorado River* and only the "clearest of justifications" will warrant a dismissal or stay of the federal case. *AAR Intel, Inc. v. Nameless Enter., S.A.,* 250 F.3d 510, 517 (7th Cir. 2001). "If there is any substantial doubt that the parallel litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties," then the federal court should not abstain. *Id.* at 518.

Determining whether to abstain involves a two-part inquiry. First, the Court must determine whether the state and federal cases are parallel. *AXA Corp. Solutions v. Underwriters Reinsurance Corp.,* 347 F.3d 272, 278 (7th Cir. 2003). If the cases are parallel, the Court must consider ten separate factors to determine whether abstention is appropriate. *Id.* The Court considers each part of the inquiry in turn.

## I. Parallel Proceedings

The first question is whether the state and federal cases are actually parallel. *AXA Corp. Solutions,* 347 F.3d at 278; *AAR Intel*, 250 F.3d at 517. Suits are considered parallel if "substantially the same parties are litigating substantially the same issues simultaneously in two fora." *AAR Intel,* 250 F.3d at 517.

In this case, because substantially the same parties are litigating the same issues at the same time, this case is parallel to the Florida case. The parties in this case and in the Florida litigation are the same. The issue of whether the Borrowers have breached the Amended Loan Agreement is outcome determinative in both the Florida case and this one. Indeed, the liability of Borrowers and

de Guardiola in both cases depends directly on the validity and enforceability of the same loan agreement. As a result, the parties are substantially the same in both cases for the purposes of the *Colorado River* analysis.

Moreover, the issues raised in the Florida case and this one are also virtually identical. Liability under the guaranty hinges on the Borrowers' liability under the Amended Loan Agreement and arises from the same real estate transaction. Corus' claims on the guaranty are only valid if its claims under the Amended Loan Agreement are themselves valid and thus, the issues here are inextricably intertwined with the issues in the Florida case.

For these reasons, we find that because the Florida case and this case involve substantially both the same parties and issues, the two actions are parallel proceedings within the meaning of the first requirement for abstention.

## II. *Colorado River* Factors

If the state and federal suits are parallel, the Court must weigh factors in determining whether to abstain: (1) whether the state has assumed jurisdiction over property at issue in the federal case; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) the source of governing law; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. *AXA Corp.*, 347 F.3d at 272. No single factor is determinative, and the weight given to any particular factor will vary depending on the circumstances of the case. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16 (1983); *LaDuke v. Burlington N. R.R. Co.,* 879 F.2d 1556, 1559 (7th Cir.1989). The

factors are not intended to be a "mechanical checklist," *LaDuke,* 879 F.2d at 1559, but instead are "to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H. Cone,* 460 U.S. at 21.

In this case, consideration of the above-enumerated factors favors abstention. First, the balance of convenience weighs in favor of Florida. This Court is somewhat inconvenient for de Guardiola who is a citizen of Georgia. Moreover, Corus originally sued both de Guardiola and the Borrowers in Florida where the property is located. Therefore, we find that the balance of convenience weighs in favor of the Florida court.

Second, allowing this case to proceed while the Florida case is moving forward at the same time would result in piecemeal, duplicative and wasteful litigation. de Guardiola's obligations under the guaranty are dependent upon a finding that the Borrowers are in default under the Amended Loan Agreement. Both cases involve essentially the same parties and issues. Therefore, we find that allowing both cases to proceed has the potential to result in piecemeal, duplicative, and wasteful litigation.

Third, the fact that the Florida court exercised jurisdiction at least five months before the commencement of this case also weighs in favor of abstention. *See LaDuke v. Burlington N.R.R.,* 879 F.2d 1556, 1561 (7th Cir. 1989). Corus chose to sue de Guardiola first in Florida and then for strategic reasons, chose to dismiss him there so it could sue him two days later in this Court on the same guaranty involving the same underlying loan. Without presuming Corus' motives, we find that all claims and all parties should be part of one lawsuit. *See Interstate Material Corp. v. City of Chicago,* 847 F.2d 1285, 1288 (7th Cir. 1988). The fact that Corus chose the Florida forum first weighs in favor of abstention.

Next, the progress of the Florida case compared to the progress of this case also weighs in favor of abstention. The Florida case is well underway–discovery and summary judgment briefing have begun. Therefore, the comparative progress of the Florida case weighs in favor of abstention. *See Tyrer v. City of Beloit*, 456 F.3d 744, 756 (7th Cir. 2006).

Moreover, the Florida court has jurisdiction to hear Corus' claims, and Corus will not be left without a forum if this Court decides to abstain. Before filing this action, Corus litigated precisely the same issue with de Guardiola in Florida, and the Florida judge has indicated that he will grant de Guardiola's motion to intervene in the Florida case. Furthermore, because Corus chose the Florida forum to begin with, we find that its rights will be fully protected in Florida. Thus, this factor weighs in favor of abstention as well.

Finally, the fact that the Amended Loan Agreement and the guaranty are to be interpreted in accordance with Illinois law, does not affect our decision. This is a diversity case involving state law. Since there is no federal law at issue, the federal forum is no more preferable for purposes of abstention. We believe that the Florida court is fully capable of construing Illinois law should it be necessary.

In summary, the Court finds that the relevant factors weigh in favor of abstaining until the state case has been resolved, and the Seventh Circuit case law supports this result. *See, e.g., LaDuke,* 879 F.2d at 1560-61 (district court did not abuse its discretion in abstaining under *Colorado River* where danger of piecemeal litigation was present and state court obtained jurisdiction first); *Day v. Union Mines, Inc.,* 862 F.2d 652, 658-60 (7th Cir. 1988) (affirming decision to abstain under *Colorado River* where danger of piecemeal litigation existed and state court had progressed further

than federal case). Accordingly, this Court will abstain from conducting further proceedings in this case pending the resolution of the state case.

## CONCLUSION

For the foregoing reasons, we grant the motion of Defendant Eduard de Guardiola to abstain under the *Colorado River* doctrine. (# 17). This case is stayed pending further order of the Court.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: December 17, 2008